LUTHERAN CHURCH IN AMERICA, Respondent, v. CITY OF NEW YORK et al., Appellants.— Judgment, Supreme Court, New York County, entered on or about March 15, 1971, after trial to the court without a jury, adjudicating designation as a landmark by defendant-appellant Landmarks Preservation Commission of plaintiff-respondent Church's property to be void, affirmed, without costs and without disbursements. As stated in the dissent, this action was converted by defendant commission's own conduct of the case from a declaratory judgment action, addressed to the constitutionality of the Landmarks Preservation Law (Administrative Code of City of N. Y., ch. 8-A), to one challenging the commission's designation of the subject building as a landmark. That the designation prevents "highest and best" use of the property for plaintiff's purposes is beside the point. In the present posture of the case, says the dissent, "review is limited to whether the commission acted upon substantial evidence." It did not. Indeed, all the evidence indicated that the building, the old Morgan Mansion, had long since lost the architectural characteristics for which it was cited by the commission as a landmark. Admired as a free-standing brownstone, it has not been such for more than two decades, and has undergone many interior and exterior changes. It cannot be truly said that, in these circumstances, there is substantial evidence to sustain the commission's position; indeed, the substantial evidence is to the contrary. Regardless of the original form of the action, it having been converted to the semblance of an article 78 proceeding, the judgment declaring void the commission's action should be affirmed for want of substantial evidence justifying a contrary conclusion. Concur — Markewich, J. P., Nunez, Kupferman and Tilzer, JJ.; Steuer, J. dissents in the following memorandum: I dissent, though if the question were within the competence of the court, I would agree with the finding of the trial court and the affirmance thereof by this court. The action is for a declaratory judgment declaring the unconstitutionality of the Landmarks Preservation Law (Administrative Code of City of N. Y., ch. 8-A) as applied to a building owned by a religious corporation and to enjoin any interference by respondent with plaintiff's use of the

property. Although that is the purport of the complaint and the issue plaintiff was prepared to try, by a most peculiar development on the trial that is not the issue that was tried. On plaintiff's theory it was immaterial whether its building was a proper subject for treatment as a landmark, and it was prepared so to concede. Defendant, however, was not prepared to accept the concession and insisted instead on proving that the building was properly designated a landmark. The plaintiff met that issue and prevailed. However, the test applied by the court in reaching its conclusion was not the proper one. It is familiar law that where there is a determination of an administrative body on an issue which it is authorized to decide, the court in reviewing the determination is limited to deciding whether there is substantial evidence in the record to support the administrative determination. The determinations of the respondent Landmarks Preservation Commission largely concern matters of architectural merit or historical significance and therefore admit of a wide range of opinion. The resolution of the questions is not left to the court; review is limited to whether the commission acted upon substantial evidence. Here, there can be no question but that there was such evidence. The fact that the court did not agree with it is immaterial. While that was the issue tried and decided, plaintiff did argue in support of its contention of unconstitutionality. Its arguments have all been decided adversely to its contentions (*Matter of Trustees of Sailors' Snug Harbor* v. *Platt*, 29 A D 2d 376). An effort to bring this property within the statutory hardship exception was unavailing and was not urged in the brief. The judgment should be reversed on the law and judgment declared in favor of defendant.